Martin, J.
The defendant prayed for an appeal from a judgment making absolute a rule which the plaintiffs had obtained against him, to show cause why the Sheriff should not proceed to the re-sale of a house and lot in the city of New Orleans, which had been adjudicated to "him, and why said re-sale should not be made at his risk and peril.
The appeal being refused, he obtained a rule on the District Judge, to show cause why a mandamus should not be issued, directing him to allow a suspensive appeal.
The Judge showed for cause : “ That this is a suit for a partition ; that the plaintiff’s testator was the owner of a certain lot of ground in this city, and the defendant owner of the buildings situ *233 ated on said lot; that for the purpose of effecting a partition, the same was offered for sale, with the consent of both p'arties, for cash ; that the defendant was the last and highest bidder; that the property was adjudicated to him ; that he neglected to pay the price of the adjudication ; that, after seventeen days had intervened, the plaintiffs took a rule in the District Court upon the defendant, to comply with the adjudication aforesaid, or, in default thereof, to show cause why the property should not be resold, at his risk; that said rule was, after argument, made absolute ; that the only effect of the appeal prayed for, would be to defeat the ends of justice ; and that this court could not possibly render any other judgment than that rendered by the inferior court, to wit, a decree for the sale of the property.”
Whatever intimate conviction our learned brother of the District Court may have, that the object of' the appeal is only to defeat the ends of justice, and that this court could not possibly render any other judgment than that rendered by the inferior tribunal, the defendant’s claim to our action upon that judgment, could only be resisted under the impression which we at first received, that it could not work any irreparable injury to him, and that he could have relief at our hands, after the sale, if he should be called upon to pay the difference between1 the two prices, if the last was less than the first; but more mature reflection has led us to the conclusion, that the consequences of refusing our attention to this claim now, may occasion an injury to him which he could never redress. The Judge places both parties before us as joint owners of a piece of property, to the indivisión of which they sought to put an end by sale.
It was adjudicated to the defendant. The re-sale which the District Court has ordered may place it in other hands, from which the reversal of the judgment below could not displace it, and his title thereto, whatever it may be, would be irrevocably cancelled. It is difficult for us to see why the plaintiff resorted to a rule, and did not insist on the Sheriff’s re-advertising and reselling. Had this been done, the defendant could not have successfully resisted the resale, for the purchaser could have acquired no title unless his conduct had authorized the re-sale ; while, if it had been done under the authority of a judgment unappealed, *234 but appealable from, the title of the purchaser would run no risk of being shaken, even on the reversal of the judgment which the defendant complains of. The rule for the mandamus must, therefore, be made absolute.